UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBIN D. H.S., | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:18-CV-01954 (JCH) |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| COMMISSIONER OF SOCIAL | : | APRIL 7, 2023 |
| SECURITY, | : | |
| Defendant. | : | |

**RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES (DOC. NO. 30)**

**I.      INTRODUCTION**

Melissa A. Buckley ("Attorney Buckley"), attorney for Robin D. H.S. ("plaintiff"), moves for an award of attorney's fees pursuant to section 406(b) of title 42 of the United States Code.  Attorney Buckley seeks $26,888.50, which is twenty-five percent of the total past-due benefits paid to the plaintiff.  See Motion for Award of Attorney's Fees ("Mot. for Atty's Fees") at 2.  The Commissioner, in her limited role in this type of proceeding, requests that the court determine the timeliness and reasonableness of the fee request.  See Response to Motion for Fees Pursuant to Section 406(b) ("Def.'s Resp.") at 5 (Doc. No. 33)

For the reasons stated below, the Motion for Award of Attorney's Fees (Doc. No. 30) is granted.

1

## II.   BACKGROUND

On February 21, 2020, this court remanded the plaintiff's case for further proceedings as a result of Administrative Law Judge Ronald Thomas' ("ALJ Thomas") failure to properly evaluate both the medical opinion of a treating source as well as the plaintiff's residual functional capacity.  See Ruling on Plaintiff's Motion for Judgment on the Pleadings at 18–19, 27–28 (Doc. No. 24).  Following the remand and a full hearing, ALJ Thomas issued a decision concluding that the plaintiff has been disabled since June 1, 2014.  See Mot. for Atty's Fees at 2.  In a Notice of Award letter dated January 11, 2023, the plaintiff was notified that she was "due a total of $108,710.00 in retroactive benefits." Id.; see also Def.'s Resp. at 1–2.  Two weeks later, on January 25, 2023, Attorney Buckley filed the instant Motion.  See Mot. for Atty's Fees.

## III.   STANDARD

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b)(1)(A).  "The effect of this provision . . . is threefold: it fix[es] a maximum percentage for contingent fees of twenty-five percent; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (footnote, quotation marks, and citation omitted).

In evaluating a fee application pursuant to section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]"  Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).  As part of

2

the reasonableness analysis, a district court must consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted). This determination also requires consideration of whether a requested fee would amount to a "windfall" to the attorney. Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."). "In determining whether there is a windfall that renders a [section] 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Fields, 24 F.4th at 854. "Rather, the court should consider the 'ability and expertise of the lawyer' involved, the 'nature and length of the professional relationship with claimant,' the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits." Mary D. v. Kijakazi, 2023 WL 2236909, at *1(D. Conn. Feb. 27, 2023) (quoting Fields, 24 F.4th at 854–55).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. Accordingly, a reduction is appropriate only when [the court] finds the [fee] amount to be unreasonable." Id.

**IV.   DISCUSSION**

    A.   <u>Timeliness</u>

In response to the instant Motion, the Commissioner requested that the court determine the timeliness of plaintiff counsel's request for fees.  <u>See</u> Def.'s Resp. at 5. The Second Circuit has confirmed that the fourteen-day filing period laid out in Federal Rule of Civil Procedure 54(d)(2)(B) applies to attorney's fees applications under section 406(b).  <u>See</u> <u>Sinkler v. Berryhill</u>, 932 F.3d 83, 85 (2d Cir. 2019).  "Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54[(d)](2)(B)'s fourteen-day limitations period to a [section] 406(b) filing. . . ."  <u>Id.</u>

Here, the Social Security Administration's Notice of Award letter was dated January 11, 2023.  <u>See</u> Mot. for Atty's Fees at 2; Def.'s Resp. at 1–2.  Plaintiff counsel's Motion for Attorney's Fees was then filed 14 days later, on January 25, 2023.  <u>See</u> Mot. for Atty's Fees.  Accordingly, the section 406(b) Motion was timely filed.

    B.   <u>Reasonableness</u>

The Commissioner's response to plaintiff counsel's 406(b) Motion also requested that the court determine the reasonableness of the fee amount.  <u>See</u> Def.'s Resp. at 5. In the case at bar, there is no evidence of any undue delay nor of any fraud or overreaching in making the contingency agreement.  Additionally, the fee award is not greater than 25 percent of the plaintiff's past due benefits award, as required by statute. <u>See</u> 42 U.S.C. § 406(b)(1)(A); Def.'s Resp. at 4.  Instead, the Commissioner defers to the court on "whether the requested fee is reasonable in light" of the <u>Fields</u> factors, which govern what amounts to a "windfall."  <u>See</u> Def.'s Resp. at 5; <u>Fields</u>, 24 F.4th at 854–55.

In this case, the Fields factors as well as the de facto hourly rate support the conclusion that the requested fee is reasonable and should be awarded.  First, Attorney Buckley possesses expertise and experience in Social Security disability appeals, regularly appearing in this District on behalf of claimants in such cases.  See, e.g., Bridget C. v. Kijakazi, 2022 WL 617605, at *1 (D. Conn. Feb. 5, 2022) (granting a Motion for Judgment on the Pleadings filed by Attorney Buckley, and remanding the matter for further proceedings), report and recommendation adopted, 2022 WL 616734, at *1 (D. Conn. March 2, 2022); Torres v. Saul, 2020 WL 3404062, at 1–4 (D. Conn. June 19, 2020) (granting Attorney Buckley's Motion for Attorney's Fees in the amount of $10,025.25); Sudac v. Berryhill, 2019 WL 1856501, at *9 (D. Conn. Apr. 24, 2019) (granting a Motion for Judgment on the Pleadings filed by Attorney Buckley, and remanding the case for further proceedings).  Second, Attorney Buckley spent 38.85 hours representing the plaintiff in this court and successfully seeking remand.  Expending 38.85 hours to secure such a result is reasonable, as "[c]ourts in the Second Circuit have generally held that a routine social security case requires from twenty to forty hours of attorney time."  Jones v. Colvin, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (quotation marks and citation omitted).  Third, given the substantial size of the Award of past-due benefits obtained, the court presumes that the plaintiff is content with Attorney Buckley's representation in this case.  Indeed, this conclusion is strengthened by the fact that the plaintiff agrees to the amount of the requested fees. See Plaintiff's Statement of Position on Motion for Award of Attorney's Fees at 1 (Doc. No. 31).  Fourth, without counsel's efforts that resulted in remand, it is likely that this successful outcome would not have been achieved.

Plaintiff counsel's de facto hourly rate in this case is $692.11 per hour—$26,888.50 divided by 38.85 hours.  This sum is less than other section 406(b) fee awards sanctioned by courts in this District.  See, e.g., Christopher B. v. Kijakazi, 2023 WL 2236907, at *1–2 (D. Conn. Feb. 27, 2023) (approving a section 406(b) fee award at an effective hourly rate of $950.00); Vasquez v. Saul, 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020) (approving attorney's fees under section 406(b) at a de facto hourly rate of $791.44); Sama v. Colvin, 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (approving an Attorney's fee award at an effective hourly rate of $785.30).

Thus, the amount requested is reasonable and does not amount to a "windfall" to counsel.  In addition, because Attorney Buckley has already received $7,989.25 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, counsel should reimburse the plaintiff for that amount, as she has already agreed to do.  See Mot. for Atty's Fees at 6.

**V.   CONCLUSION**

For the foregoing reasons, plaintiff counsel's Motion for Award of Attorney's Fees is granted, and Attorney Buckley is awarded fees in the amount of $26,888.50.  In light of the court's Ruling, Attorney Buckley must promptly refund the plaintiff $7,989.25, which represents the EAJA award previously paid to her.  See Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and [section] 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee." (quotation marks and citation omitted)).

6

**SO ORDERED.**

Dated at New Haven, Connecticut this 7th day of April 2023.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge